IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KEITH SERRES | § | |
| v. | § | CIVIL ACTION NO. 6:15cv108 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Christopher Serres, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Serres was convicted of driving while intoxicated, receiving a sentence of 40 years in prison. After review of the pleadings, the magistrate judge ordered Serres to show cause why his petition should not be dismissed as barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). Serres responded that his state habeas petition was denied on July 16, 2014, and his federal habeas petition was filed on August 5, 2014; however, his federal limitations period had expired over two years and ten months before his state habeas petition was filed.

The magistrate judge issued a report recommending that Serres' federal habeas petition be dismissed as barred by the statute of limitations, noting that a state habeas petition filed after the federal limitations period has expired does not revive any part of this period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999). Thus, the magistrate judge concluded, Serres' state petition had no effect on the limitations period because this period had fully expired at the time he filed his state

1

petition. *See also* 28 U.S.C. §2244(d)(1)(A) (limitations period begins to run when the conviction becomes final, not upon the completion of state post-conviction remedies).

Serres received a copy of the magistrate judge's report but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the report of the magistrate judge. Upon such review, the Court has determined that the report of the magistrate judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the report of the magistrate judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations. It is further

**ORDERED** that the Petitioner Christopher Serres is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 16th day of October, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE